Harold E. KOHN, Trustee, et al.,
Plaintiffs,

Intervene Parties Plaintiffs, etc.,
Appellees,

v.

AMERICAN METAL CLIMAX, INC., and Roan Selection Trust, Ltd.

N. M. Rothschild & Sons et al.

Appeal of Philip S. HOROWITZ.
No. 73–1780.

United States Court of Appeals,
Third Circuit.

Argued Nov. 27, 1973.

Decided Dec. 12, 1973.

I. Walton Bader, Bader & Bader, New York City, for appellants; Levin & Levin, of counsel.

Harold E. Kohn, Aaron M. Fine, Stuart H. Savett, Arthur M. Kaplan, Harold E. Kohn, P. A., Philadelphia, Pa., for plaintiffs-appellees; Morris R. Brooke, Drinker Biddle & Reath, Philadelphia, Pa., Lewis H. Van Dusen, of counsel.

Marvin Schwartz, James H. Carter, Sullivan & Cromwell, New York City, for defendants-appellees American Metal Climax, Inc. and Roan Selection Trust Ltd.; Arthur H. Dean, of counsel.

Before KALODNER, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellants challenge the settlement agreement reached by American Metal Climax, Inc. (Amax), Roan Selection Trust Limited (Roan), a Zambian corporation, and Harold E. Kohn, representative plaintiff who originally brought this action against Amax on behalf of all shareholders of Roan except Amax. The settlement received the approval of the district court. Amax and Roan were the original defendants in this action. Appellants are certain members of the class represented by Kohn who are not named plaintiffs.

This case has a lengthy and complicated factual and procedural history, but for the purposes of this appeal the relevant aspects of the background may be briefly summarized. The district court held that Amax and Roan had violated both Zambian law and section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, during the course of a 1970 reorganization of Roan. 322 F. Supp. 1331 (1970). The district court ordered, among other things, Amax to make a tender offer to the class members of shares in a new corporation holding certain of the former Roan assets. The class members, if they intended to take advantage of the tender offer, were to return the cash and other assets issued to them during the reorganization in exchange for the stock in the new corporation. This Court, in part, affirmed that portion of the district court's judgment granting the injunctive relief. 458 F.2d 255 (3d Cir.), cert denied, 409 U.S. 874, 93 S.Ct. 120, 34 L. Ed.2d 126 (1972).

Kohn subsequently entered into a stipulation of settlement with the other parties that substituted a $6,500,000 cash payment and the reduction of the warrant price of Amax stock, originally issued to class members during the reorganization, for the already-ordered injunctive relief. After individually mailed and published notice to class members, and the submission of written objections by some of the appellants here, the district court conducted a hearing to determine whether the proposed settlement was fair, reasonable, and adequate. Some of the appellants took advantage of the opportunity offered them to present their objections orally at the hearing. After the hearing, the district court issued its order approving the settlement and adjusting the counsel fees. It is the order approving the settlement and counsel fees as adjusted that prompted this appeal.

The appellants challenge the district court's order primarily on three grounds. First, they contend that the district court does not have power to approve a post-judgment settlement of a

suit initiated as a class action. None of the parties to the appeal presented to this Court his views as to the effect of the post-judgment settlement on the rights of class members in future litigation. Indeed, the entire question of the effect of a post-judgment settlement on the rights of class members received little attention in the briefs or at argument. In addition, at the oral argument counsel for the appellants conceded that there might possibly be a basis for approving a settlement in a class action after a judgment, and that he had no case to offer suggesting to the contrary. We are not prepared, therefore, to hold, at this time, and in the context of this case, that the procedure adopted by the district court was beyond its authority.

Second, the appellants contend that the procedural incidents of the hearing, especially those relating to discovery and cross-examination, were inadequate. Yet it is uncontradicted that appellants did not seek discovery prior to the hearing, or seasonably request additional time to prepare for examination of witnesses. Instead, appellants made a general request for discovery at the hearing, and declined to examine the parties that were present at the hearing. Moreover, the appellants did not utilize the opportunity prior to the hearing to marshal any evidence indicating that the settlement should not receive court approval or to analyze in any way the vast amount of evidence already in the record relating to the question of value. Thus, we reject this contention.

Third, the appellants contend that the settlement, including the award of counsel fees, was not fair and reasonable. Under the circumstances of this case, we cannot hold that the appellants have made "a clear showing that the trial court was guilty of an abuse of discretion" in this regard. West Virginia v. Chas. Pfizer Co., 440 F.2d 1079, 1085 (2d Cir.), cert. denied, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971).

Accordingly, the judgment of the district court will be affirmed, and the mandate will issue forthwith.