Meyers L. GIRSH et al.,
Plaintiffs-Appellees,

v.

Robert S. JEPSON, Jr., et al.,
Defendants-Appellees,

Lynn Sara Frackman,
Objector-Appellant.

Robert HELFAND, suing derivatively in the right and on behalf and for the benefit of New America Fund, Inc.,
Plaintiff-Appellee,

v.

NEW AMERICA FUND, INC., et al.,
Defendants-Appellees,

Lynn Sara Frackman,
Objector-Appellant.

Nos. 74–2030, 74–2031.

United States Court of Appeals,
Third Circuit.

Argued April 28, 1975.

Decided July 25, 1975.

**154**

David Berger, Leonard Barrack, Gerald J. Rodos, Paul J. McMahon, Edward H. Rubenstone, Philadelphia, Pa., and Richard D. Greenfield, Bala Cynwyd, Pa., for plaintiffs-appellees Meyers Girsh and others.

Berthold H. Hoeniger, Arthur N. Abbey, New York City, and S. Regen Ginsburg, Philadelphia Pa., for plaintiff-appellee Robert Helfand.

John G. Harkins, Jr., Jeffery Charles Hayes, Patricia L. Freeland, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant-appellee Price Waterhouse & Co.

John P. O'Dea, Daniel Mungall, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., Charles E. Rickershauser, Jr., Robert E. Denham, Munger, Tolles, Hills & Rickershauser, Los Angeles, Cal., for defendants-appellees William K. Gumpert, Richard B. Leng, Joseph D. Carrabino, and New America Fund, Inc.; Charles T. Munger, Munger, Tolles, Hills & Rickershauser, Los Angeles, Cal., of counsel.

Arthur T. Susman, Thomas R. Meites, Chicago, Ill., Harry R. Kozart, Philadelphia, Pa., for objector-appellant; Prins, Flamm & Susman, Ltd., Chicago, Ill., Weissman, Kozart & Criden, Philadelphia, Pa., of counsel.

Before VAN DUSEN, ADAMS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge.

On this appeal, Petitioner Frackman challenges the district court's order dismissing her objections and approving a settlement agreement. The district court, in its order of June 25, 1974, approved the settlement of a class and derivative action alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), the Investment Companies Act of 1940, 15 U.S.C. § 80a–33(b) and 35, the Investment Advisors Act, 15 U.S.C. § 80b–6, and Rule 10b–5 of the Securities and Exchange Commission. Because we believe that the record before the district court was not sufficiently developed and cannot, therefore, support the district court's approval of the settlement agreement we remand to the

district court for further proceedings as indicated in this opinion.

The present appeal involves two cases which were consolidated by the district court for purposes of discovery and settlement.[1] *Girsh v. Jepson* was commenced as a class action on October 18, 1972, on behalf of all persons who purchased shares of the New America Fund between September 20, 1968, the date of the public offering, and December 31, 1970. Named as defendants in the *Girsh* action were: (1) the New America Fund, Inc. (hereinafter, "Fund"), a Delaware corporation, whose common stock is registered with the Securities and Exchange Commission and traded on the over-the-counter market;[2] (2) Fund Management Corporation, an investment advisor; (3) Portfolio Management Corporation, the parent corporation of Fund Management Corporation; (4) various individual defendants who were officers, directors and shareholders in the above named corporate defendants; and, (5) Price Waterhouse and Company, the Fund's auditor. The complaint alleged in Count 1 violations of Section 10(b) of the Exchange Act and Rule 10b-5 in that defendants filed a "false and misleading prospectus with the Securities and Exchange Commission." In Count 2, plaintiffs allege violations of the Investment Company Act of 1940, Sections 34(b) and 36, in that among other things, " . . Defendants violated their fiduciary duty with respect to compensation for services. . . . " In Counts 3 and 4, certain plaintiffs sought derivative recovery on behalf of the Fund based upon "Defendants' usurpation of [a] valuable business opportunity. . . . "

The complaint in *Helfand v. New America Fund, Inc.*, the case consolidated with *Girsh v. Jepson*, was filed on March 23, 1973. The defendants were identical to those named in the *Girsh* complaint. The *Helfand* case was brought as a derivative action alleging violations of the Investment Company Act of 1940, Sections 34(b), 36(a) and (b); the Investment Advisers Act, Section 206; and, the Exchange Act, Section 10(b) and Rule 10b-5. Specifically, the complaint alleged, among other things, that the defendants had charged the Fund excessive advisory fees, over-valued the Fund's assets, invested in highly speculative securities without adequately disclosing the risk involved, and usurped valuable business opportunities.

Soon after discovery commenced, the parties entered into settlement negotiations. These negotiations resulted in a "Stipulation of Settlement" which was filed in the district court on November 9, 1973. On November 21, 1973, the district court entered an order constituting " . . . a class action . . . for the purpose of effectuating the settlement of the cases pursuant to the Stipulation of Settlement. . . . "[3] The order set March 20, 1974, as the date for a hearing on the fairness and adequacy of the proposed settlement. The order directed that individual notice of the settlement hearing be sent by mail to all record holders of Fund shares as of the close of business on October 12, 1973. Concluding that the identity of class members who had ceased to be shareholders prior to October 15, 1973, " . . . cannot be determined without unreasonable expense and delay . . . ," the district court directed notice to these individuals as follows: individual notice by mail to " . . . persons who were shareholders of record of the Fund and entitled to vote at the annual meetings of shareholders of the Fund held during the calendar years 1969 and 1970 . . . ;" to those whose names did not

---

1. The district court's opinion is reported as *Helfand v. New America Fund, Inc.*, 64 F.R.D. 86 (E.D.Pa.1974).

2. The complaint identifies the Fund as " . . . a closed-end diversified investment company of the management type. . . . " It further recites that the name of the Fund was changed by vote of the shareholders on December 16, 1971, from "Fund of Letters, Inc." to "New America Fund, Inc."

3. There is no impediment to determining a class action for the purpose of settlement only. *Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 832 (3d Cir. 1973).

appear on the annual meeting list, the court directed " . . . notice by publication . . . in the Eastern, Middle Western and Pacific Coast editions of The Wall Street Journal on two business days per week in each of two consecutive calendar weeks. . . . "

The Stipulation of Settlement provides for the payment of the following amounts by the following defendants: (1) Fund Management Corporation and its parent corporation agreed to pay $55,000 to the Fund and to reduce from its investment advisor's fee $12,500 quarterly, " . . . for as long as FMC remains the investment advisor to the Fund but in no event longer than 46 consecutive quarterly periods;" (2) Maxwell Gluck, a major shareholder, agreed to pay $10,000 to the Fund " . . . in settlement of all claims made against him in the Complaints or which might have been made by the plaintiffs or the Fund under any applicable law including particularly the provisions of Section 16(b) of the Securities Exchange Act of 1934;" (3) the Fund agreed to pay $400,000, less counsel fees and costs, to Fund Claimants (purchasers of Fund stock during the period covered by the settlement agreement).

On March 1, 1974, objector/appellant Frackman indicated her intention to object and moved in the district court to extend the time to file papers in support of her objections to the proposed settlement. By order of March 4, 1974, the district court permitted an extension until March 11, 1974. Thereafter, on March 11th, Frackman filed her objections to the proposed settlement specifying, among other grounds, the inadequacy of the settlement fund, the sparseness of the record, and the failure of certain defendants to contribute toward the settlement.[4]

On the same date, March 11, 1974, Frackman moved to continue the date fixed for the settlement hearing " . . . to enable proper preparation for that hearing. . . . "[5] This motion was denied by the district court on March 20, 1974, at which time the settlement hearing was held.[6] On June 25, 1974, the district court entered a Memorandum and Order approving the settlement agreement and dismissing Frackman's objections. As previously indicated, we believe that a remand is required and we so order.

I

The decision of whether to approve a proposed settlement of a class action is left to the sound discretion of the district court.[7] Some of the factors which are relevant to a determination of

---

4. In all, Frackman listed nine major objections, some with sub-categories. We need not discuss each separate objection here since it will be the function of the district court on remand to consider each such objection in light of a more expanded record. We express no opinion as to the merits of Frackman's objections.

5. In her motion papers, Frackman detailed the reasons why she believed that a continuance of the March 20, 1974, date for the settlement hearing was in order.

"  .  .  .  First, the Court file is so sparse to pre-trial discovery that an evaluation of claims is difficult at best and probably impossible.  .  .  .  Second, it is quite likely that even if the interrogatory answers are filed on March 13th the objecting plaintiff's counsel will not receive them until March 15, 1974, too short a time prior to the hearing date for proper preparation. Third, further discovery, whether by further interrogatories, oral deposition or other method, may well be required if objecting plaintiff is to be adequately prepared for the settlement hearing."

6. A written order denying the motion to continue the March 20, 1974 hearing was not entered until March 26, 1974. In the same order, the district court granted the joint motion of plaintiffs and defendants that Frackman's interrogatories not be answered.

7. We will reverse the district court's approval of a class settlement only for a clear abuse of discretion. *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799, 801 (3d Cir.), *cert. denied*, 419 U.S. 900, 95 S.Ct. 184, 42 L.Ed.2d 146 (1974); *Kohn v. American Metal Climax, Inc.*, 489 F.2d 262, 264 (3d Cir. 1973); *see Newman v. Stein*, 464 F.2d 689, 692 (2d Cir.), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972).

the fairness of a settlement were listed by the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) as follows:

" . . . (1) the complexity, expense and likely duration of the litigation . . . ; (2) the reaction of the class to the settlement . . . ; (3) the stage of the proceedings and the amount of discovery completed . . . ; (4) the risks of establishing liability . . . ; (5) the risks of establishing damages . . . ; (6) the risks of maintaining the class action through the trial . . . ; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery . . . ; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation . . . ."

495 F.2d at 463. *See Bryan v. Pittsburgh Plate Glass Co., supra.*

We note that the district court referred to the nine factors listed in *Grinnell,* among others, in reaching its conclusion that the proposed settlement was fair, adequate and reasonable. Nevertheless, we believe that the district court did not live up to its fiduciary responsibility, as the guardian of the rights of the absentee class members in approving the settlement based upon the inadequate record before it. *See Greenfield v. Villager Industries, Inc.*, 483 F.2d 824, 832 (3d Cir. 1973).

■ We believe that objector Frackman was not afforded an adequate opportunity to test by discovery the strengths and weaknesses of the proposed settlement. Soon after her notice of intention to object was filed, Frackman submitted four sets of interrogatories to the Fund, to plaintiffs' counsel in *Girsh*, to Price Waterhouse & Co., and to

plaintiff's counsel in *Helfand.* None of these interrogatories were ever answered.[8] It is little comfort to objector Frackman that *plaintiffs' counsel* may have examined the documents sought by objector during the course of its discovery. As an objector, Frackman was in an adversary relationship with both plaintiffs and defendants and was entitled to at least a reasonable opportunity to discovery against both.

■ In *Greenfield v. Villager Industries, Inc., supra* at 833, we wrote:

"It is not unusual for objections to be presented at a hearing on a proposed settlement of a class action, [footnote omitted] and it is elemental that an objector at such a hearing is entitled to an opportunity to develop a record in support of his contentions by means of cross examination and argument to the court. . . . "

Such an "opportunity to develop a record" was denied to Frackman by the totality of the circumstances surrounding the settlement hearing. Not only was Frackman's attempt to compel answers to her interrogatories thwarted by the order of the district court, but her opportunity to participate effectively in the settlement hearing, through cross examination and argument, was also frustrated by the late filing of the affidavits upon which plaintiffs and defendants relied to demonstrate the fairness of the settlement. Objector asserts, and neither plaintiffs nor defendants dispute, that her attorneys did not receive the affidavits submitted in support of the settlement until the day before the settlement hearing was held. Since the date of the settlement hearing had been known by the parties for more than four months, we cannot understand, and the record reveals no explanation, why there was such a long delay in the submission of these affidavits. On her part, Frack-

---

**8.** The Fund, Fund Management Corporation and various individual defendants responded to Frackman's interrogatories by indicating that the documents requested by the objector had already been made available to *plaintiffs' counsel.* In turn, plaintiffs' counsel and de-fendants' counsel jointly moved at the settlement hearing to deny Frackman's request to compel answers to interrogatories. This motion was granted orally at the settlement hearing and was followed by a written order to the same effect on March 26, 1974.

man made repeated efforts, through timely filed motions, to obtain answers to her interrogatories and to continue the date of the settlement hearing. In our view, from the time objector Frackman became actively involved in this case, she did everything within her power to prepare for the settlement hearing.[9] Nevertheless, the actions of the district court and her adversaries combined to deny her meaningful participation in that hearing.

## II

We are not satisfied that the best notice practicable under all the circumstances was provided to class members. It is now well established that, " . . . [I]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S.Ct. 2140, 2150, 40 L.Ed.2d 732 (1974). As indicated *supra* pp. 155–156, the district court directed individual mail notice to shareholders who were of record on three separate days. As to all other class members, publication notice was required. The only evidence indicating that this combination of notice by mail and publication was the best notice that could be provided "through reasonable effort" appears in the affidavit of Gerald L. Salzman, which was one of the affidavits made available to Frackman's counsel the day before the settlement hearing.[10] We believe that the late date at which Frackman's counsel received this affidavit prevented effective cross-examination of Salzman as to the adequacy of the notice and foreclosed effective attempts to produce evidence in rebuttal of Salzman's conclusions.[11] Salzman was not cross-examined at the settlement hearing in regard to the "adequacy of notice" issue. Nor was opposing testimony, in the form of affidavits or otherwise, submitted to dispute Salzman's conclusion. *See* note 11 *supra*. We cannot say that the district court would have reached the same conclusion as to the adequacy of notice, had Frackman been afforded a fair opportunity to meet the assertions made in the Salzman affidavit. This is especially so in light of

---

**9.** The settling parties argue that Frackman was herself delinquent in her requests for discovery. They point out that she received notice of the proposed settlement in December, 1973, but waited until March 1, 1974, to become actively involved in the case. We have considered Frackman's delay as a factor in determining whether she was afforded the rights to which she is entitled under our decision in *Greenfield v. Villager Industries, Inc., supra.*

We note the distinction between this case and our earlier decision in *Kohn v. American Metal Climax, Inc.*, 489 F.2d 262 (3d Cir. 1973). There, we rejected appellants' contention that " . . . the procedural incidents of the hearing, especially those relating to discovery and cross-examination, were inadequate. . . . " 489 F.2d at 264. That was, however, in a context in which:

" . . . appellants did not seek discovery prior to the hearing, or seasonably request additional time to prepare for examination of witnesses. Instead, appellants made a general request for discovery at the hearing, and declined to examine the parties that were present at the hearing. Moreover, the appellants did not utilize the opportunity prior to the hearing to marshall any evidence indicating that the settlement should not receive court approval or to analyze in any

way the vast amount of evidence already in the record . . . ."

*Id.* Contrast the present case in which Frackman actively sought discovery within days after she filed her notice of intention to object; requested a continuance; and, had limited or no access to evidence already in the record.

**10.** The docket sheet indicates that the Salzman affidavit, along with the other affidavits submitted in support of the settlement, were not filed until March 21, 1974, the day after the settlement hearing.

**11.** In his affidavit, Salzman stated that he had been informed by officers of the Fund's transfer agent that, " . . . it would be prohibitively expensive to prepare a list of all the shareholders of the Fund at every point in time . . . ." An effective contest of this representation, or any of the other "facts" leading to Salzman's conclusion that " . . . the notice that was given was the best notice practicable under the circumstances," would undoubtedly require more than one day in order to marshall opposing facts and testimony. Yet, by the settling parties' decision to wait until March 19, 1974, the day before the settlement hearing, to submit affidavits, Frackman was limited to one day's preparation time.

this Circuit's strong policy in favor of "maximum notice." [12]

### III

■ We are satisfied that the fairness and adequacy of the settlement agreement, insofar as the claims against Maxwell Gluck and Price Waterhouse & Co. are concerned, cannot be determined from the record in its present form.

As indicated *supra*, p. 156, the settlement agreement provides for the compromise of all claims against defendant Gluck for $10,000.00, including claims based upon Section 16(b) of the Exchange Act of 1934. Frackman asserts that the § 16(b) claim " . . . did not appear in the *Helfand* or *Girsh* complaints or in any subsequent pleadings . . . ." She further argues that:

" . . . Not one fact is in the record . . . as to the nature of this claim or its potential recovery value . . . . [T]he objector and the Court had absolutely no idea whatsoever of the amount of short-swing profits that Gluck realized . . . ." Objector's Brief at 43–44.

The district court did not specifically deal with the Gluck settlement and we are, therefore, at a loss and without the benefit of its analysis as to why $10,-000.00 was a fair and adequate settlement of *all* claims against defendant Gluck. It may be that the $10,000.00 contribution is overly generous. On the other hand, it may be grossly inadequate. The determination as to the fairness of this aspect of the settlement must depend upon facts still to be developed. On this state of the record, we have no other recourse but to require such a factual development on remand.

Similarly, we are not satisfied that the opinion explains why Price Waterhouse & Co. is contributing nothing toward the proposed settlement. The district court's only separate consideration of the claim against Price Waterhouse appears not in the section of its opinion discussing liability but rather in that portion of its opinion analyzing the ability of the defendants to withstand a greater judgment. There, the district court comments that Price Waterhouse's " . . . possible liability is questionable . . ." This conclusion is devoid of factual support in the record, and, as such, we cannot properly perform our function of evaluating the district court's exercise of discretion in concluding that the settlement was fair and adequate. " . . . It is essential . . . that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boiler plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law. . . ." *Protective Committee v. Anderson*, 390 U.S. 414, 434, 88 S.Ct. 1157, 1168, 20 L.Ed.2d 1 (1968) (dealing with the compromise of claims in bankruptcy); *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975); *Bryan v. Pittsburgh Plate Glass Co., supra*.

### IV

In remanding for a more complete development of the record and for an articulation by the district court of the relevant factors on which it relied in approving the settlement, we express no opinion on the merits of the proposed settlement agreement. That decision, in the

---

**12.** In *Greenfield v. Villager Industries, Inc., supra* at 831, we stated in relevant part:

"A procedure such as the class action, which has a formidable, if not irretrievable, effect on substantive rights, can comport with constitutional standards of due process only if there is a maximum opportunity for notice to the absentee class member, *i. e.,* [T]he best notice practicable under the circumstances including individual notice. . . ."

We do not mean to indicate that individual notice must be given in all cases. Among other things, we are concerned here, however, with the expense and feasibility of preparing a complete list of stockholders—questions left open by the Salzman affidavit. We are also concerned with the *facts* in regard to the Bank of California records as distinct from Salzman's *"doubts"* as to the availability and completeness of these records.

first instance, is to be made by the district court in light of the record to be developed by the parties.

Nor by our remand do we suggest that a record appropriate to a trial on the merits is required. We recognize that the task of the district court is to determine whether the proposed settlement should be accepted and approved—a determination substantially different than a decision on the merits. *Bryan v. Pittsburgh Plate Glass Co., supra* at 804. However, in order to satisfy even the less rigorous evidential requirements for settlement approval, the district court must at least evaluate all the contentions of the parties and provide any objectors with an opportunity for meaningful exposition of their positions. Since that was not done here, we will vacate the order of the district court approving the settlement and dismissing Frackman's objections and will remand for further proceedings consistent with this opinion.[13] Each party will bear its own costs.

13. In addition, we will expect the district court to adhere fully to the notice requirements of *Eisen v. Carlisle & Jacquelin, supra,* and *Greenfield v. Villager Industries, Inc., supra.* See Fed.R.Civ.P. 23.