In re SOUTH CENTRAL STATES BAKERY PRODUCTS ANTITRUST LITIGATION.

James L. MISSILDINE et al.

v.

IDEAL BAKING COMPANY OF PARIS, INC. et al. (Missildine I).

James L. MISSILDINE et al.

v.

COTTON'S, INC. et al. (Missildine II).

MDL No. 282, M.D. La. Civ. A. No. 77–283–B, Civ. A. No. P–75–14–CA; M.D. La. Civ. A. No. 77–285–B, Civ. A. No. P–76–47–CA.

United States District Court,
M. D. Louisiana.

Dec. 15, 1980.

Howard A. Specter and Michael D. Buchwach, of Litman, Litman, Harris & Specter, Pittsburgh, Pa., Jim Lovett, Clarksville, Tex., Sam J. D'Amico, Baton Rouge, La., for James L. Missildine & McDonalds of Baton Rouge.

Phillip A. Wittmann and Stephen H. Kupperman, of Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for Wolf Baking Co., Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHARLES SCHWARTZ, Jr., District Judge.

This matter came on for hearing on November 12, 1980, in connection with approval of the stipulations of compromise and settlement heretofore filed herein. The Court has heretofore entered an order approving the settlement and now sets forth its findings of fact and conclusions of law in connection therewith.

To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the conclusions of law constitute findings of fact, they are so adopted.

The class was duly notified of the proposed settlement and not a single class member filed any objection to same, nor did any class member appear in person to object to any of the terms of the proposed settlement. Moreover, less than 1% of the class filed exclusion elections.

■ The standard in reviewing proposed settlements of class actions is whether the proposed settlement is "fair and reasonable and in the best interests of all those who will be affected by it." *See* C. Wright and A. Miller, 7A Fed. Practice & Procedure, Section 1797 at 229 (1972) and cases there cited.

■ The following particular factors may be, and have been, considered. They substantiate that in this particular action the agreements are fair and reasonable.

(A) The settlements resulted from vigorous arm's length negotiations by knowledgeable and experienced counsel. The Court during its many conferences with counsel was not only able to observe the experience and ability of all counsel, but knows that the ultimate figure of the agreed settlement is in excess of an area of settlement suggested by the Court prior to class certification. Naturally, after an order in its favor on that issue, plaintiff should, and did, achieve a more favorable settlement for the class. This Court, after observing the actions of the parties during its many conferences and hearings, and being knowledgeable of the pleadings, memoranda and arguments of counsel, and by reason of its general familiarity with these proceedings, concludes not only that the settlements were the result of vigorous arm's length negotiations, but also concludes that any argument to the contrary would be frivolous.

Although, as stated, the Court is convinced from its own observations that the settlement negotiations were bona fide, the fact that they were negotiated by experienced lawyers may also be taken into consideration. *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1215 (5th Cir. 1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975), *cert. denied*, 424 U.S. 967, 96 S.Ct. 1462, 47 L.Ed.2d 734 (1976).

(B) The complexity, expense and likely duration of the litigation and the extent of

discovery and legal proceedings to date support approval of the settlement. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974). The record reflects that after more than 5½ years, counsel have spent hundreds of hours of time, all parties have incurred substantial litigation expenses, numerous depositions have been taken, and if the case is not settled now, it could proceed, including appeals, for another three years, and substantial additional costs and attorneys' fees would accrue.

(C) The risks of maintaining a class action through trial and appeal must be considered. This Court obviously is of the opinion that class certification was warranted. *In re South Central States Bakery Products Antitrust Litigation*, 86 F.R.D. 407 (M.D.La.1980). It is nevertheless mindful of the fact that an appeal based on the fact that its conclusions were in error could not by the slightest stretch of the imagination be considered frivolous, particularly since it was necessary for the Court to distinguish its conclusions from the principles enunciated by the Fifth Circuit Court of Appeals in the matter of *Alabama v. Blue Bird Body Co.*, 573 F.2d 309 (5th Cir. 1978).

(D) Difficulties which would be confronted in establishing liability in damages and other potential risks should likewise be taken into consideration. A jury could conclude that the price raises and the elimination of discounts were not the result of conspiratorial agreements but were rather a reflection of competition or natural forces in the market place. The fact finder could likewise conclude that plaintiff had not sustained its burden of proof in connection with its claim of impact and damages.

(E) The benefits to the class are more than substantial enough to warrant approval of the settlement. The proposed settlement in this case, together with accrued interest, amounts to approximately $1,030,000.00. Plaintiff's expert, Dr. Ralls, estimated the outside range of damages would be $3,000,000.00. Thus, a compromise for a sum in excess of 33⅓% of what might be eventually recovered is fair, adequate and reasonable, when compared with recoveries in other hotly contested complex cases. In *Newman v. Stein*, 464 F.2d 689 (2nd Cir. 1972) *cert. denied,* sub nom. *Benson v. Newman*, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972), the Court approved a settlement representing 14% of potential recovery; in *In re Four Seasons Securities Laws Litigation*, 58 F.R.D. 19, 37 (W.D.Okl.1972), the Court approved a settlement of less than 8% of the estimated damages; in *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465 (S.D.N.Y.1968), the Court approved a 5–10% settlement; in *In re Anthracite Coal Antitrust Litigation*, 79 F.R.D. 707 (M.D.Pa. 1978), the Court approved a final settlement of 28% of estimated damages for four years.

(F) The financial condition of Wolf Baking Co., Inc. supports approval of its settlement. The settlement agreement with Wolf provides for a proportionately smaller recovery for the class than do the stipulations with other defendants. However, this settlement was based upon financial information obtained by plaintiff's counsel which indicates that any settlement by Wolf in excess of $100,000.00 would seriously jeopardize that company's financial condition as well as its ability to continue its operations. Courts may consider a defendant's solvency to be a factor in approving a settlement. *Seiffer v. Topsy's International, Inc.*, 70 F.R.D. 622, 630 (D.Kan.1976). Moreover, the hardship on the part of a settling defendant may warrant approval of a settlement. *See Protective Committee for Independent Stockholders v. Anderson*, 390 U.S. 414, 424–25, 88 S.Ct. 1157, 1163–1164, 20 L.Ed.2d 1 (1968); *Grunin v. International House of Pancakes*, 513 F.2d 114, 124 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); *Republic National Life Ins. Co. v. Beasley*, 73 F.R.D. 658, 668 (S.D.N.Y.1977).

(G) The reaction of the class warrants approval of the settlements. The fact that not one of the thousands of class members has objected to the proposed settlement is a factor which clearly supports the inference that the proposed settlement is fair, adequate and reasonable. *Pettway v. American Cast Iron Pipe Co., supra* ; *compare*

*Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799 (3d Cir. 1974), *cert. denied sub nom. Abate v. Pittsburgh Plate Glass Co.*, 419 U.S. 900, 95 S.Ct. 184, 42 L.Ed.2d 146 (1974), approving a class action settlement which had been objected to by more than 20% of the class members.

■ Although generally speaking the approval of settlements in class actions is favored and is left to the sound discretion of the trial judge, *Miller v. Republic National Life Insurance Co.*, 559 F.2d 426, 428–29 (5th Cir. 1977), the factors which may be used in evaluating the fairness of the proposal are those set out hereinabove. *Girsh v. Jepson*, 521 F.2d 153, 157 (3rd Cir. 1975); *Shlensky v. Dorsey*, 574 F.2d 131, 147–48 (3rd Cir. 1978). In addition, the facts should be considered in a light favorable to promoting settlement. *See Florida Trailer & Equipment Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

■ A compromise may be defined as an agreement for settling a dispute between the parties involving all or substantially all of the following elements and/or considerations:

(a) Settlement on what the parties believe to be equitable terms, having due regard for the uncertainty of the facts or the law, or both, inherent in the dispute.

(b) Mutual concessions and/or yielding of opposing claims. Thus, in summary, this Court is of the opinion that the proposed settlement of this class action is a classic example of a compromise as that term has just been stated, and approval of it is unequivocally warranted after employing the aforesaid factors in analyzing, scrutinizing and evaluating the fairness of the proposal.