In re GNC SHAREHOLDER
LITIGATION: ALL
ACTIONS.

Civ. A. No. 85–1973.

United States District Court,
W.D. Pennsylvania.

Sept. 4, 1987.

Michael P. Malakoff, Pittsburgh, Pa., Richard D. Greenfield, Haverford, Pa., Howard Specter, Pittsburgh, Pa., for plaintiffs.

S. Michael Streib, Alan R. Wentzel, Richard R. Nelson, II, Marvin Schwartz, Charles E. Bobinis, Gordon W. Schmidt, David J. Armstrong, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) This court is called upon to approve a proposed settlement of the class action claims against General Nutrition Corporation, certain officers and directors of GNC, the estate of David B. Shakarian, David B. Shakarian, Inc., and Kidder Peabody & Co. The claims are based on alleged material misstatements and omissions by defendants in a GNC prospectus dated March 24, 1983.

(2) The complaint alleges violations of sections 10(b) and 20 of the Securities Exchange Act of 1934; sections 11 and 15 of the Securities Act of 1933; the Racketeer Influenced and Corrupt Organizations Act; and state common law.

(3) The class includes three named plaintiffs—Michael J. Futrick, Marvin Birner and Roy P. Plant—and consists of all purchasers of the common stock of GNC during the time period of March 24, 1983 through March 15, 1985. The class ex-

cludes the settling defendants, their affiliates, subsidiaries or any person who was an officer or director of GNC during the class period.

(4) The proposed settlement has been reached after extensive arm's length negotiations through the help and encouragement of this court. The terms of the settlement are set forth in detail in a stipulation and agreement of compromise and settlement dated July 10, 1987.

(5) The settlement calls for the establishment of a $2,025,000.00 fund plus accrued interest. The settlement fund, in the amount of $2,025,000.00 was paid into an escrow fund and is accruing interest until distribution is approved by the court.

(6) We find the amount of the settlement fund to be fair and reasonable for class members. We recognize that the court must judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in settlement. *Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). In such an evaluation, the Court of Appeals suggests that we consider the complexity of the litigation, the reaction of the class to the settlement, the risks of establishing liability and damages and other similar factors. *Girsh v. Jepson*, 521 F.2d 153 (3d Cir.1975). The complexity and concomitant expense of the instant litigation is beyond peradventure. The securities claims arise from a prospectus upon which numerous class members allegedly relied. Prosecution of the claims requires an in-depth examination of the knowledge of the corporate officers and the falsity of their representations. All parties have documented that any trial would be protracted and involve a tremendous amount of testimony and documentary evidence—an expensive undertaking for all parties. Secondly, the reaction of the class to the proposed settlement has been non-existent, according to plaintiffs. In the class action context, silence may be construed as assent. Finally, we recognize plaintiffs' risks of establishing liability are significant where fraud is alleged. Ele-

ments such as scienter, materiality of misrepresentation and reliance by the class members often present significant barriers to recovery in securities fraud litigation.

(7) Plaintiffs next request incentive awards of $3,000.00 each to the three named plaintiffs in addition to their recoveries as class members. We shall approve such incentive awards to recognize efforts by the named plaintiffs to obtain the recovery for class members. Such incentive awards have been granted in this circuit. *See*, for example, *Levit v. Katchmark*, No. 82–3955 (E.D.Pa.1984) (per McGlynn, J.).

(8) Finally, plaintiffs' counsel petitions the court to award fees and to reimburse counsel for their expenses. Counsel states that 924.35 hours were expended by attorneys and paralegals. Based on their current hourly rates, ranging from $60 to $295, the total lodestar amount is $167,055. Counsel also lists expenses totaling $8,424.71. The petition requests an award of $506,250.00, which represents 25 percent of the settlement fund. Petitioners argue that the fee requested is well within the percentage fees routinely awarded by courts in contingent fee, "common fund" class actions.

(9) Determination of what is a fair and reasonable fee award from a common fund, or pursuant to a statute which authorizes a fee award payable from a nonprevailing defendant, calls for the informed exercise of judicial discretion under all the circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Newberg, *Newberg on Class Actions*, § 14.03 (1985).

(10) The Supreme Court has noted a distinction in determinations of reasonable fees between common fund cases and cases involving statutory fee-shifting to the prevailing parties, such as cases under the Civil Rights Act, 42 U.S.C. § 1988, and under the Clean Air Act, 42 U.S.C. § 7604(d). In the former cases, a reasonable fee will be based largely on a fair percentage of the common fund because the fund itself is the measure of success. *Newberg, supra*, at § 14.03. In the latter cases, a reasonable fee should be synon-

ymous with traditional compensation paid by the client—"for all time reasonably expended on a matter." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* — U.S. ——, 107 S.Ct. 3078, 3086, 97 L.Ed.2d 585 (1987), on remand, 826 F.2d 238 (3d Cir.1987).

(11) We note that no general rule has been propounded on what is a reasonable percentage of a common fund. According to *Newberg, supra,* 50 percent of the fund is the upper limit on a reasonable award, and the normal range of common fund recoveries in securities and antitrust suits is between 20 and 30 percent.

■ (12) We find that petitioners' request of 25 percent plus documented expenses is reasonable for several reasons. First, plaintiffs' counsel is well·experienced in handling class action securities litigation. Second, counsel conducted itself in a thoroughly competent manner in the prosecuting the instant claims. Third, counsel at all times acted in the best interest of class members in pursuing the claims. Fourth, counsel ably sought and obtained a significant settlement fund at an early stage of litigation, thereby avoiding large legal costs and delay.

A written order will follow.

### ORDER OF COURT

AND NOW, this 4th day of Sept. 1987,

IT IS ORDERED that the settlement agreement reached by the parties in the instant case, calling for a settlement fund of $2,025,000.00, be and hereby is approved;

IT IS FURTHER ORDERED that the request for incentive awards of $3,000.00 each to the three named plaintiffs be and hereby is granted;

IT IS FURTHER ORDERED that the fee petition of plaintiffs' counsel be and hereby is granted and counsel is awarded the sum of $506,250.00 as fees, representing 25 percent of the settlement fund of $2,025,000.00 plus expenses of $8,424.71.