FURTHER ORDER ON PETITIONS FOR REHEARING
On September 10, 1982, we entered an unpublished order on petitions for rehearing and suggestions for rehearing in banc filed by both sets of appellants with respect to our opinion of July 14,1982, slip opinions at 61, in which we affirmed an order of Judge Duffy, in the District Court for the Southern District of New York, approving the settlement of class actions brought by purchasers of W.T. Grant Co. securities alleging violations of federal and state securities law. We corrected a factual statement, slip opinions at 67, full paragraph, last sentence, in a manner stated therein. Beyond that we noted the contention made on behalf of the Coyne appellants that by affirming Judge Duffy’s order approving the settlement despite his failure to render more than a cursory opinion, we had placed ourselves in conflict with In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106 (7 Cir.), cert. denied sub nom. Oswald v. General Motors Corp., 444 U.S. 870 (1979), and Girsh v. Jepson, 521 F.2d 153 (3 Cir.1975), and indeed had ignored the command of Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). We stated that we had no intention of doing anything of the sort but rather had regarded this as a unique situation where, because of the careful and well-reasoned opinions of Bankruptcy Judge Galgay on closely related issues arising in the bankruptcy liquidation of Grant, the district judge could properly have considered himself relieved of what would otherwise have been his obligation to make a detailed assessment of the settlement. See slip opinions at 74. However, because the point had not been adequately brought to our attention, we had not sufficiently focused on the fact that Judge Galgay’s findings and conclusions were being seriously attacked in an appeal in the Grant bankruptcy proceedings that would shortly reach this court. We therefore directed that argument on the appeal from the order of Judge Duffy affirming Bankruptcy Judge Galgay’s order in the Grant bankruptcy proceedings (hereinafter the Cosoff and Miller appeals) be heard before this same panel and ordered that issuance of the mandate in this case by stayed pending further order of this court.
Because of the number of issues raised in the Cosoff and Miller appeals, the need to supplement the inadequate record that had been filed, and the fact that Judge Duffy had rested his approval in that case primari *82 ly on res judicata, disposition of those appeals has taken longer than we had anticipated. However, by decision filed today, In re W.T. Grant Co., we have generally approved Judge Galgay’s findings of fact and conclusions of law in his opinion of February 20, 1980, 4 B.R. 53, as supplemented by his order of June 23, 1981, approving the settlement with the subordinated deben-tureholders there at issue. Specifically, after examining the findings and conclusions submitted by counsel for the trustee in bankruptcy in that case, we have rejected the assertions made by attorney Brewer, both in that case and in this, that Judge Galgay had simply rubber-stamped the submissions of counsel for the trustee, a practice disapproved by United States v. El Paso Natural Gas Co., 376 U.S. 651, 656-67 (1964). Taking note of that decision Judge Galgay said he had adopted the trustee’s proposed findings of fact where he had found no reason to do otherwise; however, he formulated his own discussion of the law of equitable subordination, the issue that is of particular moment here. In light of his opinion and our own examination of much of the evidence, we find that the chances of plaintiffs’ establishing that the banks promoted a public belief in the viability of Grant which the banks did not share are extremely problematic.
We thus adhere to our opinion of July 14, 1982. In doing so we reaffirm the duty of district judges in this circuit to make a considered and detailed assessment of the reasonableness of proposed settlements of class actions, as held by the Third Circuit in Girsh, supra, 521 F.2d 153, 157-58, 159-60, and by the Seventh Circuit in General Motors, supra, 594 F.2d 1106, 1132 n. 44.
The factual correction made by our order of September 10,1982, is further revised as follows: Strike last sentence of the full paragraph on p. 67 and substitute:
Eleven bondholders appealed this order to the District Court for the Southern District of New York (Conner, J.), which stayed consideration of the appeals so that Bankruptcy Judge Galgay could supervise continuing negotiations among the bankruptcy trustee, the indenture trustee, the banks, and the debenture-holders for an improved offer to the latter. Counsel for the debentureholders who had appealed from the order approving the earlier offer stipulated that these appeals be withdrawn with prejudice, and this was so ordered. On June 23, 1981, an amended offer was approved by Judge Galgay. Two groups of debentureholders appealed to the District Court (Duffy, J.) from the order approving the amended offer. In an opinion and order dated March 15, 1982, Judge Duffy affirmed the order, 20 B.R. 186. He rested his decision primarily on the ground of res judicata, although he also stated that the appeals were without merit. Two groups of debentureholders have appealed to this court.
The petitions for rehearing are thus granted insofar as concerns the correction of the factual statement but are otherwise denied. The clerk will take appropriate steps with respect to appellants’ suggestion for rehearing in banc. The stay of the mandate will be revoked if no judge in regular active service requests rehearing in banc or, if this is done, such a request is denied.