**UNITED STATES of America, et al.**

v.

**PENNSYLVANIA, et al.**

**Harry NELSON, et al.**

v.

**Karen F. SNIDER, et al.**

No. 93–2094.

United States District Court,
E.D. Pennsylvania.

Nov. 30, 1994.

Pamela Chen, U.S. Dept. of Justice, Civil Rights Div., Edmond Tiryak, Judith Gran, Pilcop, Ilene Shane, Disabilities Law Project, for plaintiffs.

Thomas York, Eckert Seamans Cherin & Mellott, for defendants.

### ORDER

NEWCOMER, District Judge.

AND NOW, this 30th day of November, 1994, upon consideration of plaintiffs' Motion for Final Approval of the Proposed Settlement Agreement, joined by defendants, it is hereby ORDERED that said motion is GRANTED.

These consolidated actions were brought by the United States of America (and, as

intervenor, People Interested in Embreeville Residents, a group comprised mainly of relatives of residents of the Embreeville Center), a class of residents of the Embreeville Center and those at risk of placement at the Embreeville Center, and Pennsylvania Protection and Advocacy, Inc. and The Arc-Pennsylvania (two non-profit advocacy corporations). The suits seek injunctive relief against the Commonwealth of Pennsylvania and several of its officials to redress allegedly unconstitutional conditions at the Embreeville Center, a state institution for the mentally retarded.

After discovery was completed in this case, and on the eve of trial, the parties reported to the Court that a settlement agreement had been consented to by all parties. A mechanism for providing notice to all interested parties and for giving said parties the opportunity to comment on the proposed settlement was implemented, and a hearing on the motion to approve the settlement agreement was scheduled for November 29, 1994. No objections to the settlement agreement were voiced either prior to or during the November 29 hearing.

■ As noted above, this case is a consolidation of two cases, one of which is a class action. Different standards govern the approval of settlements of class actions and non-class actions. Therefore, the settlement agreement need be addressed under one standard for the United States and PIER as plaintiffs portion of this case and under another for the class portion of this case.

■ To approve a non-class action settlement the district court must conclude that the parties have validly consented; that reasonable notice has been given to possible objectors; that the settlement is fair, adequate and reasonable; that the settlement agreement will not violate the Constitution, any statute, or other authority; that it is consistent with the objectives of Congress; and that it will not be unreasonable or legally impermissible as to any third parties affected. *Durrett v. Housing Authority of City of Providence,* 896 F.2d 600, 604 (1st Cir.1990). This Court is satisfied, upon the representations of the parties, that the United States, PIER and the Commonwealth of Pennsylvania have all validly consented to the settlement agreement. As mentioned previously, all interested persons and entities have received notice of the proposed settlement agreement.

The settlement agreement can be described as having three major themes. First, it is designed to improve conditions at Embreeville while the facility remains open. Second, it provides for placement of Embreeville residents into the community. Third, it establishes methods by which the rights of the residents will be protected after they are placed in the community. The agreement calls for appointment of a monitor, approved by the Court, who will in turn select a panel of experts to oversee defendants' compliance with the provisions of the settlement. The settlement agreement is comprehensive and detailed; a restatement of its provisions is not necessary here. The Court has reviewed the agreement and is satisfied that it is fair, adequate and reasonable.

The proposed settlement is not violative of any Constitutional provisions, any statutes, or any other authority. In fact, the agreement is drafted to secure the Constitutional and statutory rights of Embreeville residents. Moreover, the agreement is consistent with Congressional objectives. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 *et seq.,* expresses a Congressional preference for settlement of cases such as this one.

Finally, the proposed settlement agreement does not unreasonably or illegally affect any third persons. The only persons affected by this settlement are the plaintiffs and defendants in the case itself.

■ In evaluating the fairness of a settlement in a class action, the district court may consider the following:

1) the complexity, expense and likely duration of the litigation;

2) the reaction of the class to the settlement;

3) the stage of the proceedings and the amount of discovery completed;

4) the risks of establishing liability;

5) the range of reasonableness of the settlement in light of the best possible recovery; and

6) the range of reasonableness of the settlement in light of the attendant risks of litigation.

*Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975).

 This case was extremely complex from both a factual and a legal standpoint. This complexity made the case an expensive one to bring to trial, especially in light of the number of expert witnesses required. The trial itself was anticipated to last for several weeks, undoubtedly to be followed by an extensive period of appeals. This first factor weighs in favor of approval of the settlement. The failure of any class member to object to the proposed settlement despite having adequate opportunity to do so demonstrates that the class members assent to the agreement. *Bell Atlantic Corp. v. Bolger,* 2 F.3d 1304, 1313–14 & n. 15 (3d Cir.1993).

The fact that the settlement agreement was forged on the eve of trial and after the close of discovery leads to the conclusion that the plaintiffs had adequate information at their disposal to evaluate the strength of their case and to make an informed judgment as to the adequacy of the agreement. *In re General Motors Corp.,* 846 F.Supp. 330, 334–35 (E.D.Pa.1993).

The fourth, fifth and sixth factors require that the Court evaluate the plaintiffs' risks of establishing liability and securing the requested relief after trial. While the plaintiffs case appeared to be a strong one, several genuine legal and factual obstacles to their prevailing at trial did exist. Moreover, the plaintiffs sought exhaustive injunctive relief, some of which might not have been awarded by the Court even had the plaintiffs succeeded in establishing liability. The Court could well have structured lesser relief which it felt adequate to protect the rights of the plaintiffs while at the same time posing a smaller burden to the defendants. The settlement agreement confers upon the plaintiffs much of the relief that they sought in filing this case. Considering all of this, the Court finds the agreement to be reasonable and fair.

For the reasons stated, the proposed settlement agreement submitted by the parties is approved.

AND IT IS SO ORDERED.