866 So.2d 103 (2004)
Mindy MYERS, Appellant,
v.
STATE of Florida, R. Brent Maggio, Emerald Healthcare, Inc., Emerald Coast Healthcare, Inc., Crestview Investments, Inc., d/b/a Crestview Nursing and Convalescent Home, Ft. Walton Beach Investments, Inc., d/b/a Ft. Walton Beach and Rehabilitation Center, Emerald Landmark, Inc., d/b/a Landmark Health & Rehabilitation Center, Emerald-Cedar Hills, Inc., d/b/a Cedar Hills Nursing Center, Emerald-Golfcrest, Inc., d/b/a Golfcrest Nursing Home, Emerald-Golfview, Inc., d/b/a Golfview Nursing Home, and Emerald-Southern Pines, Inc. d/b/a Southern Pines Nursing Center, Appellees.
No. 1D03-0541.
District Court of Appeal of Florida, First District.
January 29, 2004.
David L. McGee and Terrie L. Didier of Beggs & Lane, Pensacola, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, for Appellee State of Florida.
John R. Hamilton and Christi R. Adams of Foley & Lardner, Orlando, for Appellees R. Brent Maggio, et al.
ERVIN, J.
Appellant, Mindy Myers, appeals a final judgment approving a settlement agreement brought under the Florida False Claims Act,[1] which authorizes civil actions by individuals and the state against persons who file false claims for payment or approval with a state agency. Myers complains that the trial court's approval failed to take into proper consideration the requirements that settlements be fair, adequate and reasonable.[2] We agree and reverse *104 and remand with directions for the lower court to reconsider the proposed settlement in accordance with the statutory criteria.
Myers filed a qui tam action[3] for damages and civil penalties against appellees, R. Brent Maggio and numerous nursing homes he owns and manages, alleging fraudulent practices in violation of the False Claims Act. While the proceeding was pending, appellee, the State of Florida, intervened pursuant to section 68.083(6)(a), filing a complaint seeking damages and civil penalties arising from false claims and reports submitted to the Medicaid program for nursing home services and for care to persons in certain nursing homes.
After the trial court had granted summary judgment for Maggio on five out of seven counts, the state and the defendants entered into a proposed settlement agreement, and, over Myers' objection, the state thereafter moved for the court's approval of it. At the hearing conducted on the motion, Myers presented evidence showing that the proposed settlement failed to comply with the statutory criteria of reasonableness, etc. The lower court, in approving the agreement, never determined whether the stipulation was reasonable, because it concluded only that the settlement had not been obtained through fraud. This was error.
Initially, we observe that our review standard is de novo, because this appeal involves essentially an issue regarding the correct interpretation of a statute. Section 68.084(2)(b) is modeled after 31 U.S.C. § 3730(c)(2)(B), which also requires that a proposed settlement agreement be "fair, adequate, and reasonable under all the circumstances." We have uncovered no case law in Florida construing subsection 68.084(2)(b), nor have we found federal cases interpreting the parallel provision. We have thus found it useful to consider federal case law wherein courts have construed Federal Rule of Civil Procedure 23(e), which permits settlements of class actions with court approval, as similarly requiring trial courts to determine whether a proposed settlement agreement is fair, adequate and reasonable.[4]See Officers for Justice v. Civil Service Comm'n, 688 F.2d 615, 625 (9th Cir.1982). In making such determination, courts have assessed a multiplicity of factors in cases we find to be highly persuasive in reaching our own construction of the Florida statute. Cf. Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir.1984) (approving six components for determining whether a settlement is fair, adequate and reasonable, i.e., (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point over or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved); Girsh v. Jepson, *105 521 F.2d 153, 157 (3d Cir.1975) (recommending the following nine factors: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation). See also Officers for Justice, 688 F.2d at 625 (suggesting eight factors).
Because the court below, in its order of approval, appears to have considered only that the agreement was not tainted by fraud, it did not decide whether the criteria demanded by section 68.084(2)(b) had been satisfied. In our judgment, the statute clearly requires a more thorough review than that given the agreement by the trial court. The final judgment of approval is therefore reversed, and the case is remanded for the court to evaluate explicitly whether "the proposed settlement is fair, adequate, and reasonable under all the circumstances." The court may, in its discretion, conduct another hearing and consider additional evidence in making such determination.[5]
REVERSED and REMANDED.
BARFIELD and POLSTON, JJ., concur.
NOTES
[1] Sections 68.081-68.09, Fla. Stat. (2002).
[2] Specifically, section 68.084(2)(b) provides, in part: "[N]othing in this act shall be construed to limit the authority of the department or the qui tam plaintiff to compromise a claim brought in a complaint filed under this act if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances."
[3] A qui tam (Latin for "who as well") action is filed under a statute that allows a private person to sue for a penalty, part of which the government will receive. See Black's Law Dictionary 1262 (7th ed.1999).
[4] Rule 23(e) was amended to provide, after December 1, 2003: "The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate."
[5] In reaching our decision, we have not overlooked appellees' argument that this court lacks jurisdiction over the appeal because, after the settlement agreement was proposed and before the entry of the judgment of approval, the state had filed a notice of voluntary dismissal of the case with prejudice, and, as a consequence, the lower court lacked jurisdiction to enter its order. The state previously raised the same argument in its motion to dismiss the appeal, and another panel of the court rejected the argument. We see no reason to disturb that ruling.