

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2009

# In Re: SFBC Internat

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2075

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: SFBC Internat " (2009). *2009 Decisions.* Paper 1864.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1864

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2075
_____

IN RE: SFBC INTERNATIONAL INC.,
SECURITIES & DERIVATIVE LITIGATION


JAMES J. HAYES,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-00165)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2009

Before: SLOVITER, AMBRO and STAPLETON, Circuit Judges

Opinion filed: February 13, 2009
_____

OPINION
_____

PER CURIAM

In this securities fraud class action, James J. Hayes appeals pro se from a Final

Judgment of the United States District Court for the District of New Jersey certifying the

Settlement Class, approving a $28.5 million settlement, and dismissing the class action

with prejudice. We will affirm.

From August 4, 2003, through December 15, 2005, SFBC International, Inc., a drug development services company, made various public statements that allegedly misled investors about its business prospects and operations. Thereafter, a series of securities class actions were filed against SFBC. The cases were transferred to the New Jersey District Court, where they were consolidated. Arkansas Teacher Retirement System ("ATRS") was appointed to serve as lead plaintiff, and filed a complaint alleging violations of sections 11, 12(a)(2), and 15 of the Securities Act of 1933, and section 20(a) of the Securities Exchange Act of 1934. Settlement negotiations, which began in December 2006, were conducted over several months with the assistance of an experienced mediator. Almost a year later, ATRS filed in the District Court an unopposed motion for preliminary approval of a settlement resolving all claims. By order entered December 12, 2007, the District Court granted the motion and directed that notice of the settlement be sent to class members.

On February 26, 2007, Hayes filed a letter with the District Court objecting to the settlement.[1] He claimed that the settlement failed to reflect a "fair recovery of potential fraud damages" and calculated the class period from an impermissibly early date. On March 10, 2008, the District Court held a hearing concerning the settlement and Hayes' objection. After providing detailed on-the-record factual and legal findings, the District

---

[1] Hayes was the only class member to object to the settlement.

Court certified the class, approved the settlement, and rejected Hayes' objection. Hayes appealed.

We have jurisdiction under 28 U.S.C. § 1291. We will uphold a District Court's approval of a class action settlement unless there has been an abuse of discretion. See Girsh v. Jepson, 521 F.2d 153, 156 (3d Cir. 1975). The District Court can approve a settlement only if the compromise is "fair, adequate, and reasonable." Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995) (citations omitted). We have identified several factors that a District Court must consider when evaluating the fairness, adequacy, and reasonableness of a settlement.[2] See Girsh, 521 F.2d at 157. To permit meaningful appellate review, the District Court must explain on the record its reasons for approving the settlement. See Eichenholtz, 52 F.3d at 488.

After reviewing the record in this case and considering Hayes' arguments on appeal, we have no trouble concluding that the District Court properly exercised its discretion in approving the settlement. The District Court examined the Girsh factors in detail, exercised its own independent judgment, and made on-the-record findings in

---

[2] "Factors relevant to determination of fairness of a class action settlement are (1) complexity, expense and likely duration of the litigation; (2) reaction of the class to settlement; (3) stage of the proceedings and amount of discovery completed; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through trial; (7) ability of the defendants to withstand greater judgment; (8) range of reasonableness of settlement fund in light of best possible recovery; and (9) range of reasonableness of settlement fund to possible recovery in light of all attendant risks of litigation." Girsh, 521 F.2d at 157.

support of its approval of the settlement. For instance, the District Court found that the case "appears to . . . be a substantially complex one which would have required extensive and difficult economic analysis and litigation." The District Court also concluded that the reaction of the class to the settlement was "remarkably favorable;" that "sufficient discovery was completed for the plaintiff in particular and the parties in general to make an intelligent and knowledgeable decision about the propriety of settling the case;" that it was "appropriate [to] try[] to settle the case early while there were still substantial insurance proceeds which were available to settlement;" that the issues of "loss causation" under the Supreme Court's decision in Dura Pharm., Inc. v. Broudo, 544 U.S. 336 (2005), had the potential to significantly reduce damages even if the class succeeded on the liability issues at trial; and that "the settlement amount is well within the range of reasonableness in light of the best possible recovery here."

In addition, the District Court thoroughly addressed the issues raised in Hayes' objection. Hayes argued that ATRS's damage calculations underestimated the potential recoverable damages. But Hayes provided no support for his claim, whereas ATRS provided analyses prepared by experienced economic consultants that explained the class' maximum potential damage recovery. Furthermore, a financial economist submitted an affidavit stating that Hayes' "simplified calculation [of damages] dramatically overstates" potential damages and is "inconsistent and unreliable." Given this evidence, the District Court acted within its discretion in concluding that Hayes' damage estimate was "a rather

4

simple calculation which is not tested" and that "his objections appear to give no calculation or weight to the issues of loss causation."

Hayes also claimed that the class period should have begun on April 27, 2004, when SFBC's stock price increased following allegedly fraudulent disclosures concerning its largest testing facility, located in Miami, Florida ("the Miami Facility"). The District Court properly rejected this argument, concluding that "there is more than adequate demonstration in the complaint for the class period beginning" on August 4, 2003. On that date, SFBC announced that it had acquired 100% of the common stock of Clinical Pharmacology Associates ("CPA"), another clinical drug testing company, and had entered into three-year employment agreements with "key members" of CPA's management. SFBC failed to disclose, however, that one of those "key members" was married to the owner of an Independent Review Board that oversaw SFBC's clinical tests. During a conference call on August 5, 2003, SFBC stated that its Miami Facility was "state-of-the-art" and that it would benefit financially by providing CPA with "additional bed space" and "filling much more of our capacity in Miami." At the time, however, the Miami Facility exceeded its allowable occupancy and was in violation of applicable safety regulations. Therefore, it was within the sound discretion of the District Court to approve a class period that began on August 4, 2003.