**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2961
_____

PATRICK BRADY; SALLY YOUNG; HOWARD HOLLANDER; THEODORE
CASE; MICHAEL FINUCAN, individually and on behalf of all others similarly situated

v.

AIR LINE PILOTS ASSOCIATION

CURETON CLARK P.C.
f/k/a Cureton Caplan P.C.,
                              Appellant

_____

No. 14-3128
_____

PATRICK BRADY; SALLY YOUNG;
HOWARD B. HOLLANDER; THEODORE A. CASE;
MICHAEL V. FINUCAN, individually and on behalf of all others similarly situated

v.

AIR LINE PILOTS ASSOCIATION

Theodore Case,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey

District Judge:  Hon. Joseph E. Irenas

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2015


Before:  FISHER, CHAGARES, and JORDAN, Circuit Judges.

(Filed: September 23, 2015)

_____

OPINION*
_____

CHAGARES, Circuit Judge.

Cureton Clark, P.C. ("Cureton") appeals the District Court's denial of its

application for compensation, and Theodore A. Case appeals the District Court's order

granting attorneys' fees and its award of class representative incentive awards in

connection with the approved class action settlement.  For the reasons that follow, we

will affirm.

I.

We write exclusively for the parties and therefore set forth only those facts that are

necessary to our disposition.  In August 2002, Cureton undertook representation of Leroy

W. Bensel as representative of a putative class of pilots formerly employed by

Transworld Airlines and later employed by American Airlines.  The representation

involved claims on behalf of the class against the Air Line Pilots Association, American

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Airlines, and the Allied Pilots Association. During this time, on motion by Cureton, the class was certified under Federal Rule of Civil Procedure 23(b)(2) as an injunction class. At some point in mid-2005, Cureton began to take actions to withdraw from its representation of the class. Cureton filed its initial motion to withdraw in October 2005, and the District Court granted Cureton's request to withdraw in May 2006.

The class was then represented by two firms, Trujillo Rodriguez & Richards, LLC and Green Jacobson, P.C. (collectively, "Class Counsel"). While Cureton received payment for its work under various fee agreements, Class Counsel took the case on a contingency fee basis. In September 2006, on a motion by Class Counsel, the class was recertified under Federal Rule of Civil Procedure 23(b)(3). In 2011, Class Counsel conducted a five-week liability trial that resulted in a jury verdict in favor of the class. Class Counsel represented the class through post-trial motions, damages-phase discovery, and settlement. Class Counsel then sought the District Court's final approval of the proposed 53 million dollar settlement and moved for a fee award from the settlement fund in the amount of 30%, or about $15,900,000.

The District Court held a fairness hearing at which it analyzed the fairness of the proposed settlement, applying the factors from Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975). The District Court also considered evidence relating to the award of attorneys' fees, applying the factors from Gunter v. Ridgewood Energy Corp., 223 F.3d 190 (3d Cir. 2000).

Class Counsel's fee application presented evidence to demonstrate that class actions that settle in the range of the amount here generally result in attorneys' fees of between 25% and one-third of the recovery, putting the 30% fee here "comfortably within the range." Joint Appendix ("JA") 74. The District Court applied the Gunter factors and concluded that the proposed fee award was appropriate given Class Counsel's years of "Hall of Fame" work in this case. The District Court also considered Cureton's application for additional attorneys' fees and ultimately held that, based on the record, "[t]he Cureton Law Firm has already been fully compensated for its work in the case performed before it abandoned the Class. It is not entitled to any further compensation for the reasons more fully set forth on the record." JA 11.

The District Court made incentive awards to the twelve current and former class representatives, totaling $640,000. This included an award of $81,702.13 to appellant Theodore Case. Case was one of three current or former class representatives who objected to the proposed incentive awards. He argued that "it would be not be unjustified to award, at a minimum[,] $250,000 per Class Representative." JA 936, 1121 (corrected). Case did not submit evidence to support this assertion and did not appear personally or by counsel at the fairness hearing. The District Court noted that, unlike attorneys' fees, there is no established metric for determining class representative incentive awards. JA 112–13. Based on the record and after considering the arguments made by the objectors, the District Court increased the total award amount from $440,000 to $640,000. After the District Court announced this revised award at the fairness

4

hearing, the two other objectors announced that they no longer objected to the incentive awards. JA 143.

Cureton and Case timely appealed.

## II.[1]

We review a district court's award of attorneys' fees for an abuse of discretion. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 333 (3d Cir. 1998). While a "robust and thorough judicial review of fee applications is required in all class action settlements, . . . the amount of a fee award is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous." Sullivan v. DB Invs., Inc., 667 F.3d 273, 329 (3d Cir. 2011) (en banc) (citations, quotation marks, and alterations omitted).

Our Court has never addressed the standard of review for appeals of class representative incentive awards. Our sister circuits review such awards for an abuse of discretion. See, e.g., Hadix v. Johnson, 322 F.3d 895, 897 (6th Cir. 2003); Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.), 213 F.3d 454, 463 (9th Cir. 2000). Because no party disputes that this is the standard of review, we will assume without deciding that the abuse of discretion standard is appropriate.

## III.

---

[1] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We exercise jurisdiction under 28 U.S.C. § 1291.

Case appeals the amount of the District Court's award of attorneys' fees to Class Counsel and his class representative incentive award. Cureton appeals the District Court's denial of its motion for additional attorneys' fees.

A.

District Courts in our circuit apply the Gunter factors to determine an appropriate percentage attorneys' fee in a common-fund class action. These factors are:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

Gunter, 223 F.3d at 195 n.1.

Here, the District Court applied these factors and awarded Class Counsel fees equivalent to 30% of the common fund created by the settlement. The District Court also applied a lodestar cross check and determined that this percentage fee resulted in a lodestar multiplier of 1.66. Case objected to the fee amount on the grounds that the work in the case "hardly merits" the 30% fee, and contending that although "[t]his case was certainly a difficult one to prosecute, . . . the primary reason for the verdict received is the fact that the Defendant is guilty." JA 914, 936. He did not submit any evidence in support of his objection and his objection appears to have been partly based on his erroneous assertion that Class Counsel was receiving a seven to ten times multiplier on their lodestar. JA 936.

While the District Court may have opted to weigh the <u>Gunter</u> factors differently, it is clear that it "employ[ed the] correct standards and procedures" in this case and made "findings of fact not clearly erroneous." <u>Sullivan</u>, 667 F.3d at 329 (citations and quotation marks omitted). Thus, we find that the District Court did not abuse its discretion in awarding the 30% fee in this case.

## B.

As the District Court acknowledged and as Case does not dispute, there are no set factors that a District Court must employ in determining the amount of class representative incentive awards. Case argues he was entitled to more than the $81,702.13 he was awarded by the District Court because of the lengthy duration of the case and the personal sacrifices made by the class representatives. The District Court considered these factors at the fairness hearing and ultimately decided to increase the total amount of the settlement allocated to the incentive awards from $440,000 to $640,000. While the District Court may have opted to allocate additional funds for incentive awards, it did not abuse its discretion in declining to do so.

## C.

Finally, Cureton appeals the District Court's denial of its request for additional attorneys' fees. The District Court heard testimony regarding Cureton's work on the case, the fees already paid to Cureton pursuant to various fee agreements, and its withdrawal prior to the certification of the ultimately successful Rule 23(b)(3) class. The District Court concluded that Cureton had been appropriately compensated for its work

7

and was not entitled to additional fees.  JA 11.  We conclude that the District Court made reasonable factual findings and did not abuse its discretion in denying Cureton's motion.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.